UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CR. 01-50002-KES |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER DENYING LEAVE TO FILE MOTION FOR RELIEF FROM JUDGMENT |
| vs. | ) | |
| | ) | |
| GUY RANDY WHITE HORSE, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, Guy Randy White Horse, moves for leave of the court to file a motion for relief from judgment pursuant to Rule 60(b)(1), (b)(3) of the Federal Rules of Civil Procedure. White Horse also appears to be bringing an equitable action for fraud on the court. See Docket 115 ("Petitioner wishes to base his motion strictly under Hazel-Atlas, Independent Action for relief from judgment under Rule 60(d)(1) and (3), Fraud on the Court."). Thus, the court will consider his motion under both Rules 60(b)(1) and (3) of the Federal Rules of Civil Procedure and as a *Hazel-Atlas* independent action. *See Greiner v. City of Champlin*, 152 F.3d 787, 789 (8th Cir. 1998) (discussing the differences between an equitable action for fraud on the court and a Rule 60(b) motion).

## DISCUSSION

I. **White Horse's Rule 60(b)(1) and (3) motions are untimely.**

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances, including

fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). White Horse bases his motion on Rule 60(b)(1) and 60(b)(3), which permit a court to relieve a party from a final judgment because of "mistake, inadvertence, surprise, or excusable neglect" or because of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." But "a motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) *no more than a year* after the entry of the judgment[.]" Fed. R. Civ. P. 60(c)(1).

White Horse was convicted of aggravated sexual abuse of a child on October 18, 2001. The Eighth Circuit Court of Appeals upheld his conviction on March 6, 2003. White Horse filed a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 on February 23, 2004. He was permitted to amend his petition on August 19, 2004. This court denied White Horse's § 2255 motion on January 31, 2005. The Eighth Circuit affirmed the denial of White Horse's petition on December 29, 2006. Thus, because White Horse's motion was made more than a year after the entry of the judgment, his motion for relief from judgment under Rule 60(b)(1) and (3) is untimely and is therefore denied.

**II.  White Horse's equitable action for fraud on the court is actually a successive § 2255 motion.**

White Horse also appears to be attempting to assert an equitable action for fraud on the court. *See* Docket 115 ("Petitioner wishes to base his motion

2

strictly under Hazel-Atlas, Independent Action for relief from judgment under Rule 60(d)(1) and (3), Fraud on the Court."). The Supreme Court of the United States has recognized a court's inherent power to grant relief for "after-discovered fraud," from an earlier judgment "regardless of the term of [its] entry."*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944). But "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991). The "savings clause" of Rule 60 allows for an independent action for fraud on the court. *See* Fed. R. Civ. P. 60(d) ("This rule does not limit a court's power to . . . entertain an independent action to relieve a party from a judgment, order, or proceeding[.]").

      White Horse's attempt to assert an independent action for fraud on the court with respect to his criminal conviction is complicated by the Anti-Terrorism and Effective Death Penalty's (AEDPA) restrictions on second or successive habeas petitions. Rule 60(b) may not be used to circumvent the restrictions Congress has placed on second or successive federal habeas petitions. *See Gonzalez*, 545 U.S. at 531-32. A Rule 60(b) motion to set aside a federal habeas court's decision may not raise grounds for habeas relief or attack "the federal court's previous resolution of a claim on the merits." *Id.* at 532. But "[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's . . .

3

conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Id.* at 533. But the United States Supreme Court, however, has also observed that the interest in the finality of judgments is undermined in "cases of fraud upon the court calling into question the very legitimacy of the judgment." *See Calderon v. Thompson,* 523 U.S. 538, 557 (1998) (citing *Hazel-Atlas,* 322 U.S. 238)).

The "fraud on the court" standard for independent actions is distinct from the more general fraud standard of Rule 60(b)(3). *See Greiner,* 152 F.3d at 789 (citing 11 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 2870 at p. 415 (2d ed. 1995)). The Third Circuit Court of Appeals uses a four-part test to analyze fraud on the court claims. "[T]here must be (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." *Herring v. United States,* 424 F.3d 384, 384 (3d Cir. 2005). The Sixth Circuit Court of Appeals uses a similar five-prong test that consists of conduct "(1) On the part of an officer of the court; (2) That is directed to the 'judicial machinery' itself; (3) that is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth; (4) That is a positive averment or is concealment when one is under a duty to disclose; and (5) That deceives the court." *Demjanjuk v. Petrovsky,* 10 F.3d 338, 348 (6th Cir. 1993). Although the Eighth Circuit Court of Appeals has not articulated precise elements to analyze claims of fraud upon the court, it

4

has characterized the fraud on the court doctrine as "a scheme to interfere with the judicial machinery performing the task of impartial adjudication, as by preventing the opposing party from fairly presenting his case or defense." *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 538 F.2d 180, 195 (8th Cir. 1976). The Eighth Circuit Court of Appeals has also observed that "[a] finding of fraud on the court is justified only by the most egregious misconduct directed to the court itself, such as bribery of a judge or jury or fabrication of evidence by counsel . . . ." *Landscape Properties, Inc. v. Vogel*, 46 F.3d 1416, 1422 (8th Cir.), *cert. denied*, 516 U.S. 823 (1995) (quotations omitted). A finding of fraud on the court "must be supported by clear, unequivocal, and convincing evidence." *In re Antibiotic Antitrust Actions*, 538 F.2d at 195.

White Horse makes several allegations in support of his contention that there was fraud on the court. First, White Horse contends that the prosecution violated his due process rights and its duty to disclose exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963). The crux of these claims is that the major prosecution witness was permitted to testify through a videotaped deposition, rather than at trial. The witness was hospitalized at the time of trial. White Horse argues that the use of the video deposition concealed the witness's condition, which had deteriorated due to liver disease and which could have caused her to suffer impairments in mental functioning. White Horse contends that the use of the video deposition deprived the jury of credibility evidence.

White Horse also claims that the prosecution knowingly used perjured testimony, although he does not identify the testimony he alleges was perjured. It appears that he bases this claim on the use of the videotaped deposition as well.

White Horse also alleges that the government violated his Fifth Amendment right to be tried on charges found by a grand jury. Specifically, White Horse asserts that the jury should have been "instructed on his Indian status" and his non-Indian status should have been charged in the indictment as an element. Docket 116 at 7. White Horse was indicted for violations of 18 U.S.C. §§ 2241 and 1152. Section 2241 defines aggravated sexual abuse and section 1152 provides that "the general laws of the United States as to the punishment of offenses . . . shall extend to the Indian country [but] [t]his section shall not extend to offenses committed by one Indian against the person or property of another Indian."[1]

---

[1] The Eighth Circuit Court of Appeals rejected White Horse's argument on direct appeal that the government's proof was insufficient because non-Indian status is an element of the offense under 18 U.S.C. § 1152. *United States v. White Horse*, 316 F.3d 769, 772-73 (8th Cir. 2003). The Eighth Circuit declined to decide whether non-Indian status is an element of the offense, but it held that White Horse was not entitled to relief due to plain error either way because 18 U.S.C. § 1153 criminalized his conduct. *Id.* at 772 (citing 18 U.S.C. § 1153, which provides that "[a]ny Indian who commits against the person or property of another Indian . . . any of the following offenses, [including incest and an assault against an individual who has not attained the age of 16 years] . . . shall be subject to the same law and penalties as all other persons.").

Although the Eighth Circuit Court of Appeals has not adopted a specific test for evaluating fraud on the court claims, the four-part test articulated by the Third Circuit Court of Appeals is well reasoned and consistent with Eighth Circuit precedent. Thus, the court analyzes White Horse's claim under the test set forth in *Herring.* 424 F.3d at 384. White Horse does not identify the testimony he alleges was perjured. Nor has he pleaded facts tending to show that there was intentional fraud by an officer of the court that mislead the court. At the most, White Horse has alleged that the jury was deprived of a full opportunity to judge the condition of one of the witnesses against him because she testified via videotaped deposition rather than in court. And White Horse concedes that the witness's videotaped deposition was used in place of her live testimony because she was hospitalized at the time of the trial. Docket 117 at 2. While White Horse appears to be suggesting that the witness "was only temporarily unavailable," he concedes that she was unavailable at the time of trial and that the trial had been continued several times prior to the witness's hospitalization. *Id.* at 1. These facts are far from the "deliberately planned and carefully executed scheme to defraud" present in *Hazel-Atlas*, 322 U.S. at 245. Moreover, an independent action for fraud on the court "must be supported by clear, unequivocal, and convincing evidence." *In re Antibiotic Antitrust Actions*, 538 F.2d at 195. White Horse's unsupported allegations are insufficient to

support a claim of fraud on the court and in reality are substantive constitutional claims attacking the validity of his criminal conviction.

The Supreme Court has explained that while motions for relief from judgment "ha[ve] an unquestionably valid role to play in habeas cases," where a Rule 60(b) motion raises one or more claims, it "is in substance a successive habeas petition and should be treated accordingly." *Gonzalez*, 545 U.S. at 531, 534. But "[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's . . . conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Id.* at 533. The concern in *Gonzalez* was the conflict between Rule 60(b) motions and the habeas corpus statute and rules. The same considerations apply here because White Horse's "independent action" under *Hazel-Atlas* conflicts with § 2255's ban on successive motions. As discussed above, White Horse has asserted substantive constitutional claims attacking the validity of his conviction, not a claim of fraud on the court. Under § 2255,

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

8

28 U.S.C. § 2255(h). Thus, White Horse's motion may not be considered until he obtains the requisite permission from the Eighth Circuit Court of Appeals. White Horse's motion for leave to file a Rule 60(b) motion is, accordingly, denied. It is

ORDERED that White Horse's motion for leave to file a Rule 60(b) motion and independent action for fraud on the court (Docket 115) is denied. White Horse's motion for the release of medical records (Docket 116) and his motion for a transcript of the grand jury proceeding (Docket 118) are denied as moot.

Dated January 12, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE